**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| **CRUM & FORSTER SPECIALTY INSURANCE COMPANY**<br>305 Madison Avenue<br>Morristown, NJ 07962<br><br>**Plaintiff,**<br>**v.**<br><br>**GERALD G. PENTECOST JR. d/b/a GERALD G. PENTECOST CPA & ASSOCIATES and/or GERALD G. PENTECOST JR. CPA**<br>2332 Rainbow Drive, Suite A<br>Gadsen, Alabama 35906<br><br>and<br><br>**GERALD G. PENTECOST CPA & ASSOCIATES**<br>2332 Rainbow Drive, Suite A<br>Gadsen, Alabama 35906<br><br>and<br><br>**GERALD G. PENTECOST JR. CPA**<br>2332 Rainbow Drive, Suite A<br>Gadsen, Alabama 35906<br><br>**Defendants.** | **Civil Action No.: 1:26-cv-2966**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, by and through undersigned counsel, hereby demands judgment against Defendants and in support thereof, alleges the following:

## PARTIES

1. Plaintiff, Crum & Forster Specialty Insurance Company, is a corporation organized and existing under the laws of the State of Delaware and with its principal place of

business at 305 Madison Avenue in Morristown, New Jersey.

2. At all times relevant hereto, Plaintiff insured Grid 20/20 Inc. and/or certain of its affiliated subsidiaries or parent companies as defined and set forth in the relevant insurance contract (collectively "Grid 20/20" or "Insured"). Grid 20/20 maintains its principal place of business at 7405 Whitepine Road in Richmond, Virginia.

3. Defendant, Gerald G. Pentecost Jr. is an individual domiciled in the state of Alabama at the address listed above. Upon information and belief, Mr. Pentecost is the sole proprietor of an unincorporated organization doing business as Gerald G. Pentecost CPA & Associates and/or Gerald G. Pentecost Jr. CPA.

4. Gerald G. Pentecost CPA & Associates and/or Gerald G. Pentecost Jr. CPA are unincorporated organizations that have their principal place of business in the state of Alabama at the address listed above.

5. Defendants are in the business of providing accounting and bookkeeping services and provided such services to Plaintiff's Insured.

## JURISDICTION AND VENUE

6. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between parties of different states. Moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

7. Venue is proper in this district based on 28 U.S.C. §1391(a), in that the events giving rise to this claim occurred within this district.

## FACTS

6. Plaintiff's Insured provides services to electric utility providers in relation to the

management of their distribution grids.

7. Plaintiff's Insured retained Defendant to perform certain accounting and bookkeeping tasks associated with its business.

8. On or before September 17, 2024, Plaintiff's Insured was communicating via email with a vendor about the payment of certain invoices owed to the vendor.

9. At some point, and through no fault of Plaintiff's Insured, threat actors intercepted the email chain and began to send emails to Plaintiff's Insured posing as the vendor.

10 On or before September 17, 2024, the threat actors, posing as the vendor, requested Plaintiff's Insured make payment for the invoices via ACH or wire to a new bank account. The threat actors implied and represented that the bank account to which the monies would be wired belonged to the vendor, when in fact, it was controlled by the threat actors.

11. Defendant was asked to facilitate this change in payment instructions. Implicit in this request was verifying the legitimacy of the payment instructions.

12. Defendant attempted to verify the payment instructions by calling the vendor to confirm their legitimacy, however, Defendant called the number provided by the threat actors, instead of a verified number of the vendor. Defendant did not reach anyone after calling the number provided by the threat actors, yet made the change in payment instructions anyway.

13. On September 18, 2024, Defendant made a payment to the threat actor's bank account on Plaintiff's Insured's behalf totaling $108,151.80.

14. On September 26, 2024, Defendant made a second payment to the same account on Plaintiff's Insured's behalf totaling $76,077.82.

15. On October 17, 2024, Defendant made a third payment to the same account on Plaintiff's Insured's behalf totaling $57,967.26.

16. On October 23, 2024, Defendant made a fourth payment to the same account on Plaintiff's Insured's behalf totaling $36,129.94.

17. In total, Defendant sent $278,326.82 of Plaintiff's Insured's money to threat actors after failing to adequately verify the vendor's payment instructions. The money was never recovered.

18. Had Defendant adequately verified the vendor's payment instructions, the fraud would have been prevented and the money would not have been lost.

19. In the wake of the incident and damages described above, Plaintiff's Insured submitted a claim to Plaintiff seeking coverage. Plaintiff reimbursed its Insured for its loss and is now subrogated to the rights of its Insured to the extent of such payments.

**COUNT I – BREACH OF CONTRACT**

22. Plaintiff incorporates the preceding paragraphs by reference herein.

23. An agreement, whether oral, written, or implied by law, existed between Plaintiff's Insured and Defendant whereby Defendant performed certain accounting and bookkeeping tasks for Plaintiff's Insured in exchange for money.

24. Whether stated expressly or implied, the agreement contained a promise that Defendant would exercise the reasonable degree of care, skill, and dispatch as those ordinarily skilled in the business while carrying out the tasks for which it was employed.

24. Defendant, through its employees, agents (whether apparent, actual, or by estoppel), servants, and/or subcontractors, breached this promise by the following actions or omissions:

a. failing to confirm the authenticity of the payment instructions before making payment;

b. failing to use reasonable and/or industry standard methods of confirming the authenticity of the payment instructions, like, for example, calling the vendor using a verified phone number associated with the vendor;

c. failing to warn Plaintiff's Insured that it had not adequately verified the payment instructions before making payment;

d. failing to detect the fraud involving Plaintiff's Insured when it was in the best position to do so;

e. otherwise failing to provide its professional services related to making payments on Plaintiff's Insured's behalf to its vendor with due care;

29. As a direct and proximate cause of Defendant's breaches of the agreement, Plaintiff's Insured suffered the damages described above.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant for $278,326.82 and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

**COUNT II – NEGLIGENCE**

30. Plaintiff incorporates the preceding paragraphs by reference herein.

31. Defendant owed Plaintiff's insured a duty to conduct the work it performed for Plaintiff's Insured with due care such as to prevent Plaintiff's insured from suffering foreseeable injuries caused by its work.

32. Defendant, through its employees, agents (whether apparent, actual, or by estoppel), servants, and/or subcontractors, breached this duty by the following actions or omissions:

a. failing to confirm the authenticity of the payment instructions before making payment;

b. failing to use reasonable and/or industry standard methods of confirming the authenticity of the payment instructions, like, for example, calling the vendor using a verified phone number associated with the vendor;

c. failing to warn Plaintiff's Insured that it had not adequately verified the payment instructions before making payment;

d. failing to detect the fraud involving Plaintiff's Insured when it was in the best position to do so;

e. otherwise failing to provide its professional services related to making payments on Plaintiff's Insured's behalf to its vendor with due care;

33. As a direct and proximate cause of Defendant's breaches of its duty, Plaintiff's Insured suffered the damages described above.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant for $278,326.82 and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

**CRUM & FORSTER SPECIALTY INSURANCE COMPANY**
By Counsel

**Dated:** September 8, 2026

**SUROVELL ISAACS & LEVY PLC**

By: ***/s/ Jason F. Zellman***

Jason F. Zellman (VSB# 77499)
Corinne M. Bahner (VSB# 90003)
4010 University Drive, Second Floor
Fairfax, Virginia 22030
Telephone: 703.277.9704
Facsimile: 703.591.2149
Email: JZellman@SurovellFirm.com
Email: CBahner@SurovellFirm.com
*Counsel for Plaintiff*